**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CECILIO MARTY-BEY,**
**DORIS A. MARTY-BEY, and**
**AL'MAURII KHAN NATION,**

          **Plaintiffs,**

**v.**                                                    **Case No. 8:17-cv-349-T-17TBM**

**U.S. BANK TRUST, N.A., AS TRUSTEE**
**FOR LSF9 MASTER PARTICIPATION**
**TRUST, and OCWEN LOAN SERVICING,**
**LLC,**

          **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on an **Affidavit of Indigency** (Doc. 3), which the Court construes as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

**I.**

As indicated, the movant seeks leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

Title 28 U.S.C. § 1915 further provides that "the court shall dismiss the case at any time if the court determines that … the action or appeal … fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Title 28 U.S.C. 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").

The court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys.  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading.  *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled in part on other grounds as recognized in *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

## II.

As an initial matter, the Affidavit of Indigency is signed by an unknown person or entity. The Court is unable to discern who signed the Affidavit, but it does not appear to be one of the

2

named parties.[1]  In addition, the Affidavit is incomplete and unnotarized.  It indicates absolutely no income, no assets, and no expenses.  In short, the Affidavit is wholly insufficient to support a construed motion for leave to proceed *in forma pauperis*.

In addition to the insufficiencies in the Affidavit, the parties fail to provide any pleading that asserts a basis for removal or the jurisdiction of this Court.  Purported defendants Cecilio Marty-Bey and Doris Marty-Bey, along with Al'Maurii Khan Nation, filed a Notice of Removal on February 13, 2017.  (Doc. 1).  These individuals are self-described "Foreign noncitizen Autochthon American nationals of diplomatic status of the Sovereign, Tribal Nation of Al'Maurii Khan."  *Id.*  They apparently seek to remove an action from the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, to "The Xi Anu Nation Supreme Trial Court located at 852 River Avenue, Providence, [Rhode Island]..."  *Id.*

No copy of the Complaint filed in the State court action was filed along with the Notice of Removal.  The defendants also failed to attach to the Notice of Removal "a copy of all process, pleadings, and orders served" upon him, as required by 28 U.S.C. § 1446(a).[2]  While procedurally incorrect, failure to file certain documents with the notice of removal would not alone defeat the

---

[1]The Affidavit may be signed by "Chief Sikanu Naholo Imastabi Herukti El Bey," who represents himself as a representative of the Indigenous Native American Law & Justice Center and who has filed a "Claim of the Consular-[Court]-Dominion."  (Doc. 2).
Neither of the individuals Cecilio Marty-Bey or Doris Marty-Bey have filed an affidavit of indigency.

[2]"A defendant ... desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant ... in such action."  28 U.S.C. § 1446(a).

3

district court's removal jurisdiction.  *Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009).

Upon review of the public records available, the State court action which Defendant seeks to remove is one for foreclosure of a mortgage, which was filed on July 8, 2015.  *See U.S. Bank Trust, N.A. as Trustee for LSF9 Master v. Marty*, Case No. 2015-CA-2493, Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida (https://pro.polkcountyclerk.net/PRO/PublicSearch/Details/CR-504840) (last visited April 4, 2017).

It does not appear the mortgage foreclosure action filed in the State court is one arising under federal law in order to assert federal question jurisdiction.  *See* 28 U.S.C. § 1331 ("[t]he district courts ... have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  To determine whether the claim arises under federal law, we examine the "well pleaded" allegations of the complaint and ignore potential defenses.  *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) (internal citations and quotations omitted); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).  "There can be no federal question jurisdiction or removal based on an argument raised by the defense, whether that argument is a defense or a counterclaim."  *Bank of N.Y. v. Angley*, 559 F. App'x 956, 958–59 (11th Cir. 2014) (citing *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on this basis, even though a possible defense might involve a federal question."); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("It follows that a counterclaim—which appears as part of the defendant's answer, not as part of the

plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."). Defendants have not indicated in their filing what basis they might have for asserting federal question jurisdiction, nor is one apparent from my review of the docket in the Polk County Circuit Court action.

Moreover, the State court action has already been adjudicated.  Final Judgment of Foreclosure was entered by the State court on December 16, 2016, and Defendant filed a Notice of Objection to the sale, which was scheduled to and apparently did take place on February 13, 2017.  *See U.S. Bank Trust, N.A. v. Marty*, Case No. 2015-CA-2493.  Thus, given the posture of the State court case, removal of the action appears entirely inappropriate.

As set forth above, the defendants have failed to demonstrate any lawful basis for removal of this action to this Court.[3]

### III.

Accordingly, upon review and consideration of the Application and papers filed herein, I recommend that the district judge **DENY** the construed motion to proceed *in forma pauperis* (Doc. 3), **DISMISS** this action for lack of jurisdiction, and **REMAND** to the State court for all further proceedings.

Respectfully submitted on this
4th day of April 2017.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

---

[3]The parties do not allege diversity as a basis for jurisdiction.

5

**<u>NOTICE TO PARTIES</u>**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).


Copies to:
The Honorable Elizabeth A. Kovachevich, United States District Judge
Any counsel of record or unrepresented party